UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE MARIANO ALVARADO ALVAREZ,<br>  a/k/a "Taliban,"<br>HECTOR RIGOBERTO CAAL CAAL,<br>JOSE MANUEL AGUILAR GARCIA,<br>ALVEIRO RODRIGUEZ ZARAZA,<br>  a/k/a "Guajiro,"<br>GERRY BRAVORCIO BRAVO RODRIGUEZ,<br>  a/k/a "Lupe," and<br>JOAQUIN NUÑEZ DIAZ,<br>  a/k/a "Soni,"<br><br><i>Defendants.</i></td><td><b>Protective Order</b><br><br><b>24 Cr 498 (JAV)</b></td></tr>
</table>

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more

2023.11.26

limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Disclosure Material produced by the Government to the defendants or their counsel that includes a Bates or other label stating "Sealed" or "Sealed Material" shall be deemed "Sealed Material."

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or his counsel that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2

2023.11.26

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material pertinent to any motion before the Court should initially be filed under seal, after seeking and receiving an appropriate Order of the Court authorizing the sealing, and may be disclosed by defense counsel to:

    a. The defendants;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action.

7. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' respective counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, defense counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8. AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

2023.11.26

with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

## Other Provisions

9.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If

4

2023.11.26

Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. Should the Government produce Disclosure Material that it later determines should have been designated as Sealed Material, APO Material, or AEO Material, the Government shall notify defense counsel in writing and produce a new copy of that Disclosure Material marked as required by Paragraphs 2, 3 and 4.  This new designation will be controlling as to all copies of the Disclosure Material in the defendants' or defense counsels' possession absent contract order of the Court.

14. *Defendant's Material* This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

5

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____
Jane Chong
Assistant United States Attorney

Date: _____12/20/2025_____

SO ORDERED:

The Clerk of Court is directed to terminate ECF No. 66.

Dated:  New York, New York
        January 15, 2026

_____
THE HONORABLE JEANETTE A. VARGAS
UNITED STATES DISTRICT JUDGE

6

2023.11.26

**Consent to Protective Order**

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al..*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Jose Mariano Alvarado Alvarez.

_____
Julian S. Brod, Esq.
Jason A. Driscoll, Esq.
Attorneys for Jose Mariano Alvarado Alvarez

Jan. 5, 2026
_____
Date

2023.11.26

**Consent to Protective Order**

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al.*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Hector Rigoberto Caal Caal.

_____
Richard Rosenberg, Esq.
Clara Kalhous, Esq.
Attorneys for Hector Rigoberto Caal Caal

  1/11/2026
_____
Date

2023.11.26

**Consent to Protective Order**

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al..*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Jose Manuel Aguilar Garcia.

*Lauren Di Chiara*
_____
Lauren Di Chiara, Esq.
Attorney for Jose Manuel Aguilar Garcia

 January 5, 2026
_____
Date

2023.11.26

## Consent to Protective Order

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al.*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Gerry Lupercio Bravo Rodriguez.

Jill R. Shellow
Digitally signed by Jill R. Shellow
Date: 2026.01.05 17:23:45
-05'00'

Jill Shellow, Esq.
Attorney for Gerry Bravorcio Bravo Rodriguez

Date

2023.11.26

## Consent to Protective Order

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al..*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Joaquin Nunez Diaz.

_____
Mark Gombiner, Esq.
Attorney for Joaquin Nunez Diaz


 1/5/2026
_____
Date

2023.11.26

**Consent to Protective Order**

I have read and reviewed the proposed Protective Order in *United States v. Alvarado Alvarez, et al.*, 24 Cr. 498 (JAV), and I consent to the entry of the Protective Order on behalf of my client, Alveiro Rodriguez Zaraza.

*donna newman*

Donna Newman, Esq.
Attorney for Alveiro Rodriguez Zaraza

1/14/2026

Date

2023.11.26